IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRENT R. MILLER, Individually and as             :
the personal Representative of the Estate
of JEHRID and ANGELA MILLER, et al.
        Plaintiffs,                            :
                                       CIVIL NO. 08-5961
    v.
                                 :

PIPER AIRCRAFT, INC. f/k/a THE NEW
PIPER AIRCRAFT CORPORATION, et al.     :
        Defendants.

## MEMORANDUM & ORDER

**Jones, J.**                                                                                          **April 14, 2009**

       The above-captioned matter involves fatal injuries allegedly sustained as the result of an in-flight aircraft break-up on March 7, 2007.  Currently before this Court, is a Motion by Plaintiff to remand the case back to the Philadelphia Court of Common Pleas.  For the reasons which follow, Plaintiff's Motion will be granted.

       Plaintiff initially filed his Complaint in the Philadelphia Court of Common Pleas on December 16, 2008.  (Doc. No. 3, ¶ 2)  The following day, Plaintiff submitted  his Complaint to the Lycoming County Sheriff for execution of service upon Defendants Lycoming Engines and Avco Corporation (hereinafter "Lycoming" and "Avco"); two companies that maintained their principal places of business in Lycoming County.  Prior to submitting Plaintiff's Complaint, counsel's office telephoned the Sheriff and requested that the Complaint be served within three days.  However, they were informed that by Rule, the Sheriff had thirty days within which to

execute service.[1]  On December 24, 2008, before the thirty-day period had passed, Defendant Textron, Inc. (hereinafter "Textron") removed the case to the United States District Court for the Eastern District of Pennsylvania.

Asserting that for purposes of removal, no diversity jurisdiction or federal question existed, Plaintiff filed the instant Motion to Remand on January 22, 2009.[2]  Textron subsequently filed a Response to said Motion, as well as a supplemental brief containing a decision issued on February 26, 2009 by the United States District Court for the Middle District of Florida, which they believed was dispositive of the issue at hand.[3]

The Federal Rules regarding removal provide in pertinent part, as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States

---

[1] Pursuant to the Pennsylvania Rules of Civil Procedure, in most instances - including this one - service within the Commonwealth must be made by a county sheriff.  *See* Pa.R.C.P. No. 400(a).  Moreover, pursuant to Pa.R.C.P. No. 401(a), the Sheriff has thirty days after the filing of the Complaint within which to effectuate service.

[2] *See* 28 U.S.C.A.§ 1447( c)(A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 28 USCA § 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded).

[3] Said case, entitled *North v. Precision Airmotive Corp.,* No. 08-2020 (M.D. Fla. Feb. 26, 2009), involved a non-forum defendant in *North* had similarly had a lawsuit removed from State court before any of the forum defendants had been served. The court noted that "Plaintiff simply did not effect service on either of the two properly joined forum defendants before Precision LLC removed." *Id.* at 8.  Also relevant, was the fact that "[P]laintiff had still failed to effect service on any Defendant *for almost a month after it filed suit*." *Id.* at 12, n. 5 (emphasis added).  Unlike Pennsylvania's process rules which require a Sheriff to effectuate service and allows thirty days to do so, Rule 1.070 of  Florida's Rules of Civil Procedure permits any "[o]fficer authorized by law to serve process" or "[a]ny competent person not interested in the action" who has been appointed by the court, to effectuate service of process. Fla.R.Civ.P. 1.070 (b).  There are also circumstances under which service may be effectuated by publication or mail. Fla.R.Civ.P. 1.070 (d),(I).  As discussed more fully hereinbelow, such is not the case in Pennsylvania and for this reason, *North* is not dispositive of the issue at bar.

> shall be removable without regard to the citizenship or residence of the parties. ***Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.***

28 U.S.C.A. §1441(b) (emphasis added).

It is well-settled that:

> Federal removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. [T]he Third Circuit interpreted 'all doubts' to mean that if there is any doubt as to the propriety of removal, [the] case should not be removed to federal court. The removing party bears the burden of proving the existence of federal subject matter jurisdiction.

*Alex v. Eckerd Drugs*, 2006 U.S. Dist. LEXIS 57468, at **4-5 (W.D. Pa. Aug. 14, 2006).

Section 1441's requirements have been construed as follows:

> Federal courts are courts of limited jurisdiction. Federal district courts have subject matter jurisdiction over cases that meet the standards for diversity jurisdiction and cases that raise federal questions. Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000, and the parties are citizens of different states.
>
> Federal district courts have federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. A case aris[es] under federal law within the meaning of § 1331 ... if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.
>
> A defendant may remove an action from state court to federal court only when a federal court would have had original jurisdiction over the action. However, there is a restriction on the removal of diversity cases known as the "forum defendant rule." Pursuant to this rule, set forth in 28 U.S.C. § 1441(b), removal is improper if the defendant is a citizen of the state in which the suit is originally filed.

*Allen v. GlaxoSmithKline PLC*, 2008 U.S. Dist. LEXIS 42491, at **3-4 (E.D. Pa. May 30, 2008)(internal quotations and citations omitted).

Moreover, when assessing "[t]he propriety of removal based on diversity jurisdiction," the courts have determined that they must "[c]onsider all named defendants, regardless of

service." *Allen,* at *19. *See also Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995)(existence of diversity jurisdiction is determined by examining the citizenship of the parties at the time the complaint was filed).

Plaintiff herein contends that since Lycoming and Avco are "forum defendants," diversity jurisdiction for purposes of Section 1441(b) did not exist and the case should be remanded back to state court. (Doc. No. 3, ¶ 3) This Court has reviewed Plaintiff's Complaint and finds that on its face, there were sufficient allegations concerning Lycoming and Avco's Pennsylvania citizenship. (Doc. No. 3-3, ¶¶ 4-5, 10-12) Moreover, there is no assertion by Textron that Lycoming or Avco were fraudulently joined or that a federal question of law exists. In fact, Textron originally obtained removal on the sole basis of diversity. (Doc. No. 6, p. 3)

As such, the conflict presented herein involves Plaintiff's assertion that Textron improperly had the within matter removed merely eight days after Plaintiff filed his Complaint and before the Lycoming County Sheriff had an opportunity to serve said Complaint upon Lycoming and Avco. In support of same, Plaintiff has submitted copies of paperwork demonstrating that he sought deputization and service of his Complaint by the Sheriff only one day after filing his Complaint. (Doc. No. 3-4) In response to Plaintiff's claims, Textron contends that complete diversity existed in this matter and that it was properly "[r]emoved before any claimed resident defendant was joined and served, as required by 28 U.S.C. §1441(b)." (Doc. No. 6, ¶ 3).

The instant situation presents a procedural quandary. This is so because pursuant to the Pennsylvania Rules of Civil Procedure, Plaintiff was required to have service in this matter executed by the Sheriff of Lycoming County, Pennsylvania and said Sheriff had thirty (30) days

from the date Plaintiff's Complaint was filed, within which to execute service. On December 17, 2008 (one day after filing his Complaint), counsel for Plaintiff submitted Plaintiff's Complaint for deputized service upon Defendants Avco and Lycoming Engines. As previously noted, counsel telephoned the Sheriff of Lycoming County and requested that service of said Complaint be effectuated within three days. However, he was informed that this might not be possible and that the Rules provided the Sheriff with thirty days to effectuate service. (Doc. No. 3, Decl. of James P. McCoy, Esq., ¶¶ 4-5) Accordingly, Plaintiff had no control over the expediency with which service was effectuated in this matter.

On December 24, 2008, Textron had the case removed from the Court of Common Pleas on the basis of diversity. Pursuant to 28 U.S.C.A. §1446, a defendant seeking removal from a State court, must do so . . .

> [W]ithin thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C.A. §1446(b).

As such, Textron filed its Notice of Removal in accordance with the timeliness provisions of Section 1446(b). However, this is not the basis for Textron's objection to the instant Motion to Remand. In fact, Textron's briefing is completely devoid of any argument that it - in good faith - was simply complying with Section 1446(b) when it filed its Notice of Removal. Instead, Textron focuses on the fact that because the Lycoming County defendants had not yet been "joined and served" within a mere eight-day period of time, Textron was entitled to removal. Although a strictly technical reading of Section 1441(b) might produce such a result, said result

is not necessarily correct in view of the instant circumstances . . . nor is it just.

On January 6, 2009, service of process was ultimately effectuated upon Lycoming and Avco. (Doc. No. 3, Decl. of James P. McCoy, Esq., ¶ 7) As such, Plaintiff was in compliance with the State rules that controlled this matter at the time he commenced suit. Had Textron given Plaintiff this reasonable period of time to effectuate service, it still would have had sufficient time within which to seek removal - if warranted. Instead, Textron filed for removal almost immediately after receiving service of process.[4]

In support of his Motion to Remand, Plaintiff argues that Textron engaged in an improper "race to the courthouse" by having the case removed before service of process could be effectuated by Plaintiff. (Doc. No. 3, Mem. of Law in Supp. of Pl.'s Mot. to Remand, p. 1). Conversely, Textron cites to a plethora of cases from outside of this District, which they contend have rejected such a notion. (Doc. Nos. 6 & 8) However, important factual distinctions render the majority of cases relied upon by both parties non-dispositive of the issue at bar. In assessing the facts and circumstances presented herein, this Court found the following language to be constructive . . .

> Although *Pullman*, *Pecherski*, and their progeny address situations where complete diversity is lacking, their reasoning is instructive for present purposes. Despite the 'joined and served' provision of Section 1441(b), the prevailing view

---

[4] In *Vanderwerf v. GlaxoSmithKline, P.L.C., et al.,* C.A. 05-1315, Doc. No. 16 (May 5, 2005), the Honorable Mary A. McLaughlin denied the remand request of a plaintiff whose case had been removed by a non-forum defendant before the forum defendant had been served. However, *Vanderwerf* is distinguishable from the matter herein, in that the thirty-day period within which Plaintiff Vanderwerf should have effectuated service upon her forum defendant, expired on the day the non-forum defendant filed its Notice of Removal. As such, the plaintiff therein was given the full period of time allotted by Pa.R.C.P. No. 401(a) to effectuate service but failed to do so. Had the non-forum defendant not filed their Notice of Removal on that date, they would have lost the right to do so. Such is not the case here.

> is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal. Logic does not permit considering the citizenship of unserved defendants for purposes of assessing diversity, but then ignoring it for purposes of the forum defendant rule. The Court is mindful that when ruling on a motion to remand, a district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.

*Allen,* at \*\*19-20 (internal quotations and citations omitted).

This Court is cognizant of the fact that *Allen* involved a forum defendant seeking removal. However, the philosophy behind the ruling is wholly applicable. It is well established that "[r]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. There is generally a presumption against removal, in order to give deference to Plaintiff's choice of forum." *First American Title Ins. Corp. v. J.P. Morgan Chase & Co.,* 2007 U.S. Dist. LEXIS 66371, at \*\*10-11 (W.D. Pa. Sept. 7, 2007)(internal quotations and citations omitted). Moreover, "[a] literal interpretation of the [joined and served] provision creates an opportunity for gamesmanship by defendants, which could not have been the intent of the legislature in drafting the 'properly joined and served' language." *DeAngelo-Shuayto v. Organon USA, Inc.*, 2007 U.S. Dist. LEXIS 92557, 12-13 (D.N.J. Dec. 12, 2007).[5]

In assessing the "joined and served" provision of Section 1441(b), it has been determined that the purpose of same "'[i]s to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed.'" *Allen,* at \*11 (quoting, *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.,* 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003).

---

[5] *DeAngelo-Shuayto* is factually distinguishable in that it involved a forum defendant obtaining removal before service could be effectuated. However, the court's reasoning remains wholly applicable.

Textron does not contend that any such motive by Plaintiff exists, nor is one evident. Moreover, "'[r]emovability cannot rationally turn on the timing or sequence of service of process.'" *Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640, 646 (D.N.J. 2008)(quoting, *Oxendine v. Merck and Co., Inc.*, 236 F. Supp. 2d 517, 526 (D.Md. 2002)). Despite Textron's failure to address Plaintiff's allegations that they engaged in a "race to the courthouse" or "pleading gamesmanship," this Court is not willing to definitively conclude that Defendants necessarily did so.[6,7] The fact remains that Plaintiff had no control over the expediency of service by the Lycoming County Sheriff.

In their brief in opposition to remand, Textron quotes the following language: "[p]laintiff could prevent [ ] removal by serving the forum defendant immediately." (Doc. No. 6, p. 7). In view of the fact that Plaintiff submitted his Complaint to the Sheriff **one** day after filing same, this Court is not convinced of the propriety of such language with regard to this particular case. Plaintiff herein sought immediate service but as noted above, had no control over the time in which it would take the Sheriff to effectuate same.

Probably most dispositive of the issue involved herein, is the decision rendered in *Mount Olivet Tabernacle Church v. Emerson Elec. Co.*, 1997 U.S. Dist. LEXIS 2053, 13-14 (E.D. Pa.

---

[6] Textron cites to case law out of the Northern District of California for the proposition that the "gamesmanship" argument is "somewhat overrated," but does not speak to Plaintiff's contention that gamesmanship occurred in this particular case. (Doc. No. 6, p. 8).

[7] In another matter involving a forum defendant who obtained removal before formally being served with Plaintiff's Complaint, the Honorable Timothy J. Savage ruled that "Congress intended § 1441(b) to restrict, not expand, federal jurisdiction. Accordingly, exercising jurisdiction that is otherwise lacking simply because the resident defendant obtained notice and copies of the complaint prior to service would frustrate Congressional intent." *Malone v. Glaxo Smith Kline P.L.C.,* No. 07-5048, Doc. 4, n. 1 (E.D. Pa. Dec. 4, 2007)(citation omitted). Despite the fact that Textron is a non-forum defendant, the same logic is applicable to the case at bar.

Feb. 26, 1997). In *Mt. Olivet,* a non-forum defendant who had obtained removal, opposed remand on three bases: (1) fraudulent joinder; (2) improper joinder solely to defeat diversity; and, (3) failure of service. Although Textron has not made any allegation that Plaintiff fraudulently joined Lycoming and Avco or that he did so for the sole purpose of defeating diversity, Textron does base its opposition on Plaintiff's failure of service. With regard to that point, the court in *Mount Olivet* determined as follows:

> Defendants' final argument is that "in determining whether joinder is appropriate, § 1441(b) indicates that an action such as that at bar is 'removable only if none of the parties at interest properly joined and served as defendants is a citizen of the state in which such action is brought.'" (Defs.' Mem. at 19) (emphasis in original). Defendants argue that since "prior to the time Emerson and Wiegand removed this case to Federal court, neither Russell nor John Doe had been served with Plaintiff's Complaint," (*Id.* at 4), Russell's citizenship should be disregarded. Defendants thus invite the Court to read § 1441(b) literally. Although there is federal judicial authority to support that literal construction, in the end I reject this reading for the sound reasons enunciated in *Castner v. Exxon Co.*, *U.S.A.,* 563 F. Supp. 684, 687 (E.D. Pa. 1983) (Pollack, J.).
>
> The Castner court held, with regard to this narrow rendering of § 1441(b), that while such an "argument has considerable force, for the statutory language certainly implies that a resident defendant who has not been served may be ignored in determining removability . . . it appears . . . that the implication is unwarranted," *Id.* (quotation and citation omitted) [it] should not . . . be inferred that an unserved resident defendant can automatically be ignored at the time of removal by the other defendant or defendants. Despite the provision -- joined and served -- the fact that service has not yet been made on a defendant-citizen of the state in which the action is brought has been held insufficient in itself to allow himself to be disregarded. This theory is a practical one. Inasmuch as service can ordinarily be obtained over a citizen of the state where the action pends, and if service prior to the removal petition would have precluded removal, disregard of the yet unserved resident-defendant would court needless jurisdictional problems. And one cannot ignore the practical reality that simultaneous service upon multiple defendants will not occur. *Id.* at 687 (quoting 1A Moore's Federal Practice P 0.168[3.-2-2], at 552-54 (2d ed. 1983) (footnotes omitted; emphasis in original)).
>
> Defendants also assert that "Plaintiff filed an affidavit of service, which purports

to show that Russell was served on January 13, 1997 by delivering a summons and Complaint to Juanita Patricia Bloom, Executrix of the Estate of Russell A. Simms. No legal basis is provided for this manner of service. Accordingly, this service is invalid and Russell has not been served with Plaintiff's Complaint." (Defs.' Mem. at 4).

Even assuming that the alleged infirmity in service means that Russell has not been served as a matter of law, this does not save Defendants from remand. As the Supreme Court of the United States has observed, at the time of the petition for removal the [non-resident defendant] had not yet been served with process. Where there is a non-separable controversy with respect to several non-resident defendants, one of them may remove the cause, although the other defendants have not been served with process and have not appeared. In such a case there is diversity of citizenship, and the reason for the rule is stated to be that the defendant not served may never be served, or may be served after the time has expired for the defendant who has been served to apply for removal, and unless the latter can make an effective application alone, his right to removal may be lost. ***But the rule is otherwise where a non-separable controversy involves a resident defendant. In that case the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. It may be said that the non-resident defendant may be prejudiced because his co-defendant may not be served. On the other hand, there is no diversity of citizenship, and the controversy being a non-separable one, the non-resident defendant should not be permitted to seize an opportunity to remove the cause before service upon the resident co-defendant is effected. <u>It is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove</u>***. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540-41, 59 S. Ct. 347, 350, 83 L. Ed. 334 (1939).

In sum, because "it is the party seeking to establish that removal was proper which shoulders the burden of proof," *Cook*, 641 F. Supp. at 46 -- and Defendants have not met that burden -- and because "all doubts should be resolved in favor of remand," *Batoff*, 977 F.2d at 851, this matter shall be returned to the Court of Common Pleas.

*Mount Olivet*, at ** 12-16 (emphasis added).

Inasmuch as: Plaintiff herein acted diligently in effectuating prompt service; Defendant makes no allegation of fraudulent joinder; Plaintiff's initial forum choice was State court in the

Commonwealth of Pennsylvania; and, most importantly, none of the parties would be prejudiced by remand of this case to State court,[8] it is so ordered.[9]

BY THE COURT:

/s/ C. Darnell Jones II      J.

---

[8] As noted in the pleadings, Defendants Avco and Textron are interrelated companies that "[a]re registered with the Pennsylvania Secretary of State to conduct business in the Commonwealth of Pennsylvania." (Doc. 3-3, ¶ 12). As such, it is completely foreseeable that Textron would have to present itself in Pennsylvania for purposes of any potential lawsuit. It is well established that "[t]he purpose of federal diversity jurisdiction is to avoid possible prejudice to an out-of-state defendant." *See Fields v. Organon USA, Inc.*, 2007 U.S. Dist. LEXIS 92555, at **7-8 (D.N.J. Dec. 12, 2007) However, "[I]n a case involving multiple defendants where at least one is a citizen of the forum state, the forum defendant rule at 28 U.S.C.S. § 1441(b) nevertheless prohibits removal because the likelihood of local bias against all defendants is too remote to warrant removal." *Id.* at 8. Such is the case here - - the potential for local bias is not an issue.

[9] Although Defendants Piper Aircraft, Inc. and Hartzell Propeller, Inc. maintain their places of business in Florida and Ohio, respectively, neither of them have filed an opposition to Plaintiff's Motion to Remand.